IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEE ISRAEL, | § | |
| | § | No. 141, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 85002615DI |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 3, 2016
Decided: June 20, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 20th day of June 2016, upon consideration of the opening brief, the motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Lee Israel, filed this appeal from the Superior Court's order denying his motion for correction of sentence. The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Israel's opening brief that his appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Israel in 1985 of one count each of Rape in the First Degree, Burglary in the First Degree, Attempted Burglary in the Second Degree, and Theft. In February 1986, the Superior

Court sentenced Israel to life imprisonment plus a term of 52 years. We affirmed his convictions and sentence on direct appeal.[1] Since that time, Israel has filed multiple unsuccessful motions for postconviction relief.[2]

(3) In February 2016, Israel filed a motion for correction of illegal sentence. He argued that his life sentence for rape is illegal because it constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The Superior Court denied Israel's motion. This appeal followed.

(4) We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.[3] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is an unauthorized sentence.[4]

(5) Israel raises one argument in his opening brief on appeal. He contends that statutory changes that have been enacted since his 1986

---

[1] *Israel v. State*, 1986 WL 17349 (Del. Aug. 22, 1986).
[2] *See Israel v. State*, 2015 WL 4651324 (Del. Aug. 5, 2015); *Israel v. State*, 2005 WL 535349 (Del. Feb. 25, 2005); *Israel v. State*, 1996 WL 283596 (Del. May 21, 1996).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

sentencing reflect "evolving standards of decency"[5] that render his life sentence disproportionate and excessive under the Eighth Amendment's prohibition against cruel and unusual punishment. He points out that since 1986, the Delaware General Assembly has eliminated mandatory life sentences for rape and has reduced the minimum mandatory terms of incarceration on all of his offenses. He suggests that these statutory changes reflect a consensus that his life sentence for rape is disproportionate.

(6) After careful consideration, we find no merit to Israel's argument. Under 11 *Del. C.* § 773(a)(2)a and § 4205(b)(1), a life sentence for first degree rape was a legal punishment when Israel was sentenced in 1985 and is still a legal punishment today. In short, his sentence is not illegal, and the Superior Court did not err in concluding that Israel's motion for correction of sentence had no legal merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *Wallace v. State*, 956 A.2d 630, 639 (Del. 2008).

3